UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

|  |  |  |
|---|---|---|
| SHIRLEY L. PHELPS-ROPER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.  4:10CV02232 AGF |
| | ) | |
| | ) | |
| COUNTY OF ST. CHARLES, MISSOURI, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING A TEMPORARY RESTRAINING ORDER
and
## SETTING A PRELIMINARY INJUNCTION HEARING

This matter is before the Court on Plaintiffs' motion for a temporary restraining

order ("TRO").  A hearing was held on December 17, 2010, at which counsel for both

parties appeared.  Plaintiffs, who are residents of Kansas and members of Westboro

Baptist Church, seek to enjoin enforcement of an ordinance passed by Defendant the

County of St. Charles County, Missouri, on November 29, 2010.  The ordinance

criminalizes picketing at or near funerals.  The ordinance does not go into effect until

Monday, January 3, 2011.  Plaintiffs assert that enforcement of the ordinance will violate

their  First Amendment free speech, religious liberty, and assembly rights.  They also

claim that the ordinance violates Missouri's Religious Freedom Restoration Act.

Plaintiffs represent that they picket near certain funerals, including those of American

soldiers, to publish Plaintiffs' religious beliefs that God is punishing America for tolerance of homosexuality.

Plaintiffs filed this action on November 30, 2010, and on December 6, 2010, filed a motion for a preliminary injunction, along with a motion to expedite consideration of the motion for a preliminary injunction. On December 16, 2010, Defendant moved for an extension of time up to December 21, 2010, to respond to the motion for a preliminary injunction, and on that same day, Plaintiffs filed an opposition to Defendant's motion as well as the present motion for a TRO. Plaintiffs maintain that the Court should not allow the ordinance to take effect for even one minute after January 3, 2011. Later on December 16, 2010, Defendant filed its response to the motion for a preliminary injunction.

In determining whether to issue a TRO, the Court must consider the following four factors: (1) the threat of irreparable harm to the movants; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movants will succeed on the merits; and (4) the public interest. Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981) (en banc). In each case, the factors must be balanced to determine whether they tilt toward or away from granting injunctive relief. West Pub. Co. v. Mead Data Ctr., Inc., 799 F.2d 1219, 1222 (8th Cir. 1986). Without a finding of irreparable injury to the moving party, however, a preliminary injunction should not be issued. Modern Computer Sys., Inc. v.

Modern Banking Sys., Inc., 871 F.2d 734, 738 (8th Cir. 1989) (en banc). The party requesting injunctive relief bears the "complete burden" of proving that an injunction should be granted. Gelco Corp. v. Coniston Partners, 811 F.2d 414, 418 (8th Cir. 1987).

For the reasons expressed in open court, the Court finds that the relevant factors do not weigh in favor of issuing a TRO. Most significantly, Plaintiffs have not shown that the Court cannot rule on Plaintiffs' pending motion for a preliminary injunction prior to the effective date of the ordinance in question. Thus, Plaintiffs will suffer no irreparable injury if the TRO is not granted. A balancing of the other factors also does not weigh in favor of granting a TRO pending a hearing on the motion for preliminary injunction.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for a Temporary Restraining Order is **DENIED**. [Doc. #12]

**IT IS FURTHER ORDERED** that Plaintiffs' motion for leave to file a memorandum in excess of the page limitation is **GRANTED**. [Doc. #7]

**IT IS FURTHER ORDERED** that Defendant's motion for an extension of time to respond to Plaintiffs' motion for a preliminary injunction is **DENIED as moot**. [Doc. #10]

**IT IS FURTHER ORDERED** that Plaintiffs' motion to expedite consideration of their motion for a preliminary injunction is **GRANTED**. [Doc. #8]

**IT IS FURTHER ORDERED** that Plaintiffs shall have up to an including December 20, 2010, to file a reply to Defendant's response to the motion for a preliminary injunction.

**IT IS FURTHER ORDERED** that a hearing is set on Plaintiffs' motion for a preliminary injunction on **December 22, 2010, at 9:00 a.m.**

Counsel shall, no later than **December 21, 2010, at 4:30 p.m.**, file the following:

1.  A joint stipulation of all uncontested facts.

2.  A list of all proposed witnesses, identifying those witnesses who **will** be called to testify and those who **may** be called to testify, with a short synopsis of the subject matter of each witness's testimony.

3.  A list of exhibits, identifying those that **will** be offered in evidence and those that **may** be offered into evidence at the hearing (Plaintiffs to use Arabic numerals to mark their exhibits and Defendant to use letters).  Said exhibits or true copies thereof shall be submitted to opposing counsel for examination, and the parties shall attempt to resolve any disputes.

**Any objections to witnesses or exhibits shall be raised at the start of the hearing.**

_Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 17th day of December, 2010