UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SHIRLEY L. PHELPS-ROPER, et al., )
                                  )
            Plaintiffs,           )
                                  )
      v.                          )    No. 4:10CV02232 AGF
                                  )
                                  )
COUNTY OF ST. CHARLES, MISSOURI,  )
                                  )
            Defendant.            )

# MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Amended Motion for a Preliminary Injunction. An evidentiary hearing was held on the motion on January 18, 2010. For the reasons set forth below, the motion shall be granted.

Plaintiffs, who are members of Westboro Baptist Church, seek to enjoin enforcement of Ordinance 10-112 passed by Defendant the County of St. Charles County, Missouri, on December 21, 2010. The ordinance, which goes into effect on February 7, 2011, prohibits picketing at or near funerals. Plaintiffs assert that enforcement of the ordinance will violate their First Amendment free speech, religious liberty, and assembly rights. They also claim that Ordinance 10-112 violates Missouri's Religious Freedom Restoration Act. Plaintiffs represent that they picket near certain funerals, including those of American soldiers, to publish Plaintiffs' religious beliefs that God is punishing

America for its failure to obey God's word on issues such as homosexuality.

The facial purposes of Ordinance 10-112 are:

> [T]o protect the privacy of grieving families and to preserve the peaceful character of cemeteries, mortuaries, churches and other places of worship during a funeral while still providing to picketers and protestors the opportunity to communicate their message at a time and place that minimizes the interference with the rights of families participating in funerals.

(Doc. 31-3.) Ordinance 10-112 creates the civil offense of "unlawful picketing of a funeral" which a person commits if he or she pickets a funeral "during the period from one hour prior to the commencement of any funeral through one hour following the cessation of any funeral." "Picketing of a funeral" consists of "protest activities … within three hundred feet of the premises of a cemetery, mortuary, church or other place of worship or other location during, and which target, a funeral." "Funeral" includes "the ceremonies and memorial services held in connection with the burial or cremation of the dead" but specifically excludes funeral processions and wakes. A violation of Ordinance 10-112 may result in a fine of up to $1,000, but no incarceration.

In determining whether to issue a preliminary injunction, the Court must consider the following four factors: (1) the threat of irreparable harm to the movants; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movants will succeed on the merits; and (4) the public interest. <u>Dataphase Sys., Inc. v. C L Sys., Inc.</u>, 640 F.2d 109, 113 (8th Cir. 1981) (en banc). "In a First Amendment case, . . . the likelihood of success on the merits

is often the determining factor in whether a preliminary injunction should issue."

Phelps-Roper v. Nixon, 545 F.3d 685, 690 (8th Cir. 2007) (citation omitted). The standard required of Plaintiffs is to show that they are "*likely*" to prevail on the merits, rather than that they have a "fair chance" to prevail, because Plaintiffs are challenging a duly enacted ordinance. Id. (citation omitted).

As the Eighth Circuit's analysis in Nixon teaches, Ordinance 10-112 is a content-neutral time, place, and manner regulation on First Amendment speech in a traditional public forum. Id. at 691. Plaintiffs contend that the ordinance is content-based because it targets funeral picketing and was enacted for the purpose of silencing their speech in particular. But as the Eighth Circuit explained in Nixon, "[t]he plain meaning of the text controls, and the legislature's specific motivation for passing a law is not relevant so long as the provision is neutral on its face." Id. (citation omitted); Hill v. Colorado, 530 U.S. 703, 724-25 (2000) (stating, "the contention that a statute is 'viewpoint based' simply because its enactment was motivated by the conduct of the partisans on one side of a debate is without support" and finding a statute content-neutral despite being enacted to end harassment outside clinics by abortion opponents). Ordinance 10-112 is indeed neutral on its face. See Nixon, 545 F.3d at 691; McQueary v. Stumbo, 453 F. Supp.2d 975, 985-86 (E.D. Ky. 2006). And Defendant has confirmed that the ordinance's language was intended to cover both unsupportive as well as supportive picketing. Accordingly, Ordinance 10-112 is constitutional if it "(1) serves a significant

government interest; (2) is narrowly tailored; and (3) leaves open ample alternative channels of communication." See Nixon, 545 F.3d at 691 (citations omitted).

Nixon involved a challenge by one of the Plaintiffs in the present action to a state statute that made it unlawful "for any person to engage in picketing or other protest activities in front of or about any location at which a funeral is held, within one hour prior to the commencement of any funeral, and until one hour following the cessation of any funeral." In reversing the district court's denial of the plaintiff's motion for a preliminary injunction and remanding the case, the Eighth Circuit concluded that the plaintiff was "likely to prove any interest the state has in protecting funeral mourners from unwanted speech is outweighed by the First Amendment right to speech." Id. at 692.

In reaching this conclusion, the Court relied heavily on its previous decision in Olmer v. Lincoln, 192 F.3d 1176 (8th Cir. 1999). In Olmer, the Eighth Circuit affirmed a preliminary injunction against an ordinance that restricted to certain areas the focused picketing of churches and other religious premises 30 minutes before, during, and 30 minutes after any scheduled religious activity. Olmer, 192 F.3d at 1179. The Eighth Circuit held that Frisby v. Schultz, 487 U.S. 474 (1988) (holding that a state has a significant interest in banning targeted picketing in front private residences, where individuals are captive audiences to unwanted speech), did not apply, reasoning that churches are distinguishable from private residences because "'the home is different,' and, in our view unique." Id. at 1182 (quoting Frisby, 487 U.S. at 484).

The Eighth Circuit recognized that the Sixth Circuit, in Phelps-Roper v. Strickland, 539 F.3d 356 (6th Cir. 2008), had recently extended Frisby to hold in analyzing a funeral-protest statute that a state had a significant interest in protecting mourners, who were found to be a captive audience who could not "avert their eyes" to avoid unwanted speech during a burial or funeral. But the Eighth Circuit rejected this reasoning, "[b]ecause of our holding in Olmer." Nixon, 545 F.3d at 691-92.

Defendant here recognizes the precedential weight of Nixon and tries to distinguish that case from the instant case on the ground that Ordinance 10-112 specifies that its purpose is to protect the "families" of the deceased, whereas the Eighth Circuit focused on whether a statute for the protection of "mourners" at a funeral generally was constitutional. This Court finds Defendant's argument insufficient to avoid Nixon's holding on this issue. Indeed, in reversing the district court, the Eighth Circuit in Nixon recognized that one basis for the district court's finding of a significant state interest was "protecting the privacy of *family* and friends of the deceased during a time of mourning and distress." Id. at 691 (emphasis added).

As such, while understanding the interests that Defendant is seeking to protect, and sympathetic to the vulnerability of family members in mourning, this Court feels bound by Eighth Circuit precedent to conclude that Plaintiff is sufficiently likely to succeed on its claim that the state's interests are outweighed by the First Amendment, to support a preliminary injunction.

The Court further concludes that, based on the factual record before it, "there is enough likelihood" that Plaintiffs will prevail on their claim that Ordinance 10-112 is not narrowly tailored or is facially overbroad. See id. at 693. For a restriction on protected speech to be narrowly-tailored, it may not burden "substantially more speech than necessary to further the government's legitimate interest." Ward v. Rock Against Racism, 491 U.S. 781, 799 (1989); see also Nixon, 545 F.3d at 692.

Here, Defendant has offered little factual support, in the ordinance itself or at the hearing, to support the necessity for a 300-foot buffer zone. Both the Supreme Court and the Eighth Circuit have rejected similarly-sized buffer zones as overbroad. Madsen v. Women's Health Ctr., Inc., 512 U.S. 753, 775 (1994) (rejecting a 300-foot buffer zone against picketing around residences as being too broad a ban on picketing); Kirkeby v. Furness, 92 F.3d 655, 661 (8th Cir. 1996)(rejecting a 200-foot buffer zone around residences; noting that any zone larger than a three-house zone "would be unconstitutional"). And courts have rejected a 300-foot zone of protection in the exact context of funeral-protest laws. See Phelps-Roper v. City of Manchester, Mo., ___ F. Supp. 2d ___, 2010 WL 3614182, at *11 (E.D. Mo. Sept. 8, 2010); McQueary, 453 F. Supp. 2d at 995-96 (holding that the plaintiff was likely to prevail on the merits of his claim that the statutory 300-buffer zone was constitutionally overbroad).[1]

---

[1] Because the 300-feet in Ordinance 10-112 is measured from "the premises," which at the hearing counsel for Defendant explained meant the property line of the cemetery or funeral location, the buffer between the family mourners and the picketers

- 6 -

Moreover, a substantial question regarding whether the ordinance is narrowly tailored is raised by the fact, acknowledged by Defendant at the hearing, that it would preclude even supportive picketing done at the express request of the family. See Phelps-Roper v. Koster, __ F. Supp. 2d __, 2010 WL 3257796, at *9 (W.D. Mo. 2010). In this regard, the ordinance here differs from the law upheld by the Sixth Circuit in Strickland, which the Eighth Circuit in Nixon noted precluded "action that is disruptive." Nixon, 545 F.3d at 693.

Questions also exist regarding the reasonableness of the time restriction and whether the one-hour-before/one-hour-after restriction on protected speech is narrowly tailored to accomplish the asserted government interest of protecting family mourners. Defendant presented no factual support to justify this particular time restriction, arguing only that it was justified by the logistics involved in moving large groups of people at a funeral.

The remaining requirement that Defendant must ultimately satisfy to defend Ordinance 10-112 is that the ordinance leaves "open ample alternative channels for communication of the information" Plaintiffs seek to impart. Id. at 693. Plaintiffs' evidence regarding this point is not as strong, as they offer little in their affidavits to explain to need to reach the particular audience of those attending a funeral. In their briefs and at the hearing, however, Plaintiffs' counsel presented more focused argument,

---

would conceivably be even more than 300 feet.

asserting a purpose "to publish WBC's religious message to those thinking of mortality and eternity," and contending that "the funerals of American soldiers are a platform where the question of whether God is cursing or blessing America is being discussed." (Doc. 31, at 2.) In Nixon, the Eighth Circuit was persuaded that the plaintiff in that case, who raised similar arguments, presented a "viable argument" that by protesting at funerals (specifically, military funerals), she wished to convey a particular message to an audience that could only be reached at such an occasion, and that she was likely to prevail in proving that the statute at issue failed to afford her open, ample, and adequate channels "for the dissemination of her particular message." Id. At this stage of the proceeding, the Court discerns no basis for finding otherwise here.

The Court notes that in City of Manchester, Mo., cited above, this Court[2] held on a full merits review that an ordinance similar to Ordinance 10-112 was unconstitutional. This does not mean that Plaintiffs here will succeed on the merits. As noted above, the Sixth Circuit concluded that a law similar to Ordinance 10-112 served a significant government interest, was narrowly tailored, and left open ample alternative channels of communication, and was thus, constitutional. Strickland, 539 F.3d at 362-73. In addition, another District Court in the Eighth Circuit held, after Nixon was issued, that a similar funeral protest law was constitutional. Phelps-Roper v. Heineman, 720 F. Supp. 2d 1090 (D. Neb. 2010). Both City of Manchester, Mo. and Heineman are now pending on appeal

---

[2] The Hon. Catherine D. Perry, Chief Judge, presiding.

before the Eighth Circuit, as is the Nixon case, now entitled Phelps-Roper v. Koster, ___ F. Supp. 2d ___, 2010 WL 3257796 (W.D. Mo. 2010) (granting, on remand, the plaintiff's request for a declaratory judgment that the state statutes are unconstitutional).

As in Nixon, the Court here concludes that "[b]ecause [Plaintiffs have] demonstrated a likelihood of prevailing on the merits of [their] claim, [they] will suffer irreparable injury if a preliminary injunction is not issued," and the other Dataphase factors do not weigh against issuing the injunction. Nixon, 545 F.3d at 694. In light of the Court's conclusions, it is not necessary at this point to consider Plaintiffs' state law claim.

The Court emphasizes, as did the Eighth Circuit in its closing comment in Nixon, id. at 694, that it is not today determining the constitutionality of Ordinance 10-112, but is holding only that Plaintiffs are entitled to a preliminary injunction while the constitutionality of the ordinance is thoroughly reviewed.

Plaintiffs assert that no bond should be required, as Defendant will suffer no financial harm if found to be wrongfully enjoined. Defendant has not contended otherwise, and the Court agrees that no security, under Fed. R. Civ. P. 65(c), is necessary in this instance.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Amended Motion for a Preliminary Injunction is **GRANTED**. [Doc. #30]

**IT IS FURTHER ORDERED** that Plaintiffs shall not be required to post a bond, at this time, under Fed. R. Civ. P. 65(c).

**IT IS FURTHER ORDERED** that the parties shall confer and advise the Court on or before February 4, 2011, whether they wish to stay the proceedings in this case pending the resolution of related cases by the Eighth Circuit Court of Appeals. Upon receipt of the parties' decision, the Court will set a Rule 16 scheduling conference, as appropriate.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 24th day of January, 2011