UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SHIRLEY L. PHELPS-ROPER, and | ) | |
| MEGAN PHELPS-ROPER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:10CV02232 AGF |
| | ) | |
| | ) | |
| COUNTY OF ST. CHARLES, MISSOURI, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' motion to file a second amended complaint. For the reasons set forth below, the motion shall be denied.

In their first amended complaint, Plaintiffs, who are members of Westboro Baptist Church, seek to enjoin enforcement of Ordinance 210.207 of the County of St. Charles, Missouri. The ordinance prohibits picketing at or near funerals. Plaintiffs assert that enforcement of the ordinance will violate their First Amendment free speech, religious liberty, and assembly rights. They also claim that Ordinance 10-112 violates Missouri's Religious Freedom Restoration Act. Plaintiffs represent that they picket near certain funerals, including those of American soldiers, to publish Plaintiffs' religious beliefs that God is punishing America for its failure to obey God's word on issues such as homosexuality.

Plaintiffs now seek to file a second amended complaint which adds Paulette Phelps, another member of Plaintiffs' church who participates in the pickets at issue, as a Plaintiff, and also adds a new claim -- a First Amendment challenge to County Ordinance 375.975, the County's Flag Desecration Ordinance, which criminalizes disrespectful treatment of the national and state flags. Plaintiffs assert that their conduct at the pickets implicates this ordinance as well as Ordinance 210.207.

The County opposes Plaintiffs' motion to add the new claim on the ground that Plaintiffs cannot establish a threat of irreparable harm or a live case or controversy with regard to the new claim. In support of this argument, the County has submitted a copy of a letter from the Assistant County Counselor to Plaintiffs' counsel stating that the County has never enforced Ordinance 365.975 and has no intention of enforcing it in the future against anyone. The letter explains that this forbearance is because the County and its officers are fully aware of <u>Texas v. Johnson</u>, 491 U.S. 397 (1989) (holding that desecration of the flag during a protest rally was expressive conduct within the protection of the First Amendment), and its progeny.

Under the Federal Rule of Civil Procedure 15(a), "[t]he court should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "a district court appropriately denies the movant leave to amend if there are compelling reasons such as . . . futility of the amendment." <u>Sherman v. Winco Fireworks, Inc.</u>, 532 F.3d 709, 715 (8th Cir. 2008) (citation omitted).

In <u>Poe v. Ullman</u>, 367 U.S. 497 (1961), the Supreme Court ruled that "the mere

existence of a state penal statute" is insufficient to support standing "if real threat of enforcement is wanting." Id. at 507. The Court found that the Connecticut anti-contraceptive laws being challenged were "uniformly and without exception unenforced" during the previous eighty years, thus demonstrating the state's "undeviating policy of nullification" of those laws. Id. at 502. The Court concluded that the statutes were simply "harmless, empty shadows" and that, "under the circumstances," finding a threat of injury to plaintiffs "would be to close our eyes to reality." Id. at 508-09.

The Court concludes that here any threat of actual enforcement of Ordinance 375.975 against Plaintiffs or anyone else is "hypothetical in the extreme," and thus the proposed new claim fails "to assert any cognizable risk of actual injury from the named [Defendant]." See 281 CARE Comm. v. Arneson, No. 08-CV-5215 (JMR/FLN), 2010 WL 610935, at *4 (D. Minn. Feb. 19, 2010). Thus adding the proposed new claim would be futile. If Plaintiffs seek to join Paulette Phelps as a Plaintiff in the present action, they can file a new motion to do so.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to file a second amended complaint is **DENIED**. [Doc. #46]

*Audrey G. Fleissig*
_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of March, 2011