UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SHIRLEY L. PHELPS-ROPER, and )
MEGAN PHELPS-ROPER, )
 )
             Plaintiffs, )
 )
    v. )    No. 4:10CV02232 AGF
 )
 )
COUNTY OF ST. CHARLES, MISSOURI, )
 )
             Defendant. )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' motion for reconsideration of the Court's Memorandum and Order dated March 3, 2011, denying them leave to file a second amended complaint adding a new claim and a new Plaintiff. For the reasons set forth below, the motion to reconsider shall be denied.

The new claim Plaintiffs seek to add is a First Amendment challenge to Defendant County's Ordinance 375.975, the County's Flag Desecration Ordinance, which criminalizes disrespectful treatment of the national and state flags. Defendant opposed Plaintiffs' motion to add the new claim, on the ground that Plaintiffs could not establish a threat of irreparable harm or a live case or controversy with regard to the Ordinance. In support of this argument, the County submitted a copy of a letter dated February 15, 2011, from the Assistant County Counselor to Plaintiffs' counsel stating that the County

had never enforced Ordinance 365.975 and had no intention of enforcing it in the future against anyone. The letter explained that this forbearance was because the County and its officers were fully aware of Texas v. Johnson, 491 U.S. 397 (1989), and its progeny, which established that desecration of the flag during a protest rally was expressive conduct within the protection of the First Amendment, and its progeny. There was no dispute that Plaintiffs wished to engage in conduct that would violate the Ordinance.

The Court concluded that any threat of actual enforcement of Ordinance 375.975 against Plaintiffs or anyone else was hypothetical, and thus the proposed new claim failed to assert any cognizable risk of actual injury. Citing *281 CARE Committee v. Arneson*, No. 08-CV-5215 (JMR/FLN), 2010 WL 610935 (D. Minn. Feb. 19, 2010), the Court concluded that the proposed new claim would be futile, and so the Court denied the motion for leave to amend.

In their motion to reconsider, Plaintiffs point to the Eighth Circuit's reversal, in relevant part, on April 28, 2011, of the district court's opinion in *281 Care Committee*, which held that parties challenging a state statute on First Amendment grounds lacked standing because the statute, which had been amended relatively recently, had not been regularly enforced. The Court of Appeals reversed because the defendants on that case did not establish "a long history of disuse nor produced a clear statement by proper authorities that they do not intend to enforce the statute." 281 CARE Comm. v. Arneson, 638 F.3d 621, 628 (8th Cir. 2011).

Here, to the contrary, Defendants have produced a "clear statement by proper

authorities that they do not intend to enforce" Ordinance 375.975.  Besides the letter from the Assistant County Counselor referenced above, Defendant has also submitted, in response to the motion for reconsideration, an affidavit from the County Counselor dated May 23, 2011, stated that her office will not prosecute anyone for violation of Ordinance 375.975, and further that she has ordered the County's codifier to annotate the Code of Ordinances to reflect that Ordinance 375.975 is unenforceable.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for reconsideration is **DENIED**. [Doc. #57]

 _____
 AUDREY G. FLEISSIG
 UNITED STATES DISTRICT JUDGE

Dated this 18th day of July, 2011.