UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHIRLEY L. PHELPS-ROPER and MEGAN PHELPS-ROPER, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF ST. CHARLES, MISSOURI, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) No. 4:10CV02232 AGF |

**MEMORANDUM AND ORDER**

This action challenging the constitutionality of an ordinance of Defendant County of St. Charles, Missouri, ("the County") is before the Court on the parties' cross motions for summary judgment. For the reasons set forth below, Plaintiffs' motion shall be denied and Defendant's motion shall be granted.

The two Plaintiffs are members of Westboro Baptist Church. The version of the ordinance at issue, Ordinance 10-112, was passed by the County on December 21, 2010. The ordinance prohibits picketing at or near funerals. Plaintiffs assert that enforcement of the ordinance will violate their First Amendment free speech, religious liberty, and assembly rights. They also claim that the ordinance violates Missouri's Religious Freedom Restoration Act, Mo. Rev. Stat. §1.302. Plaintiffs represent that they picket near certain funerals, including those of American soldiers, to publish Plaintiffs' religious

beliefs that God is punishing America for its failure to obey God's word on issues such as homosexuality.

> The facial purposes of Ordinance 10-112 are:
>
> [T]o protect the privacy of grieving families and to preserve the peaceful character of cemeteries, mortuaries, churches and other places of worship during a funeral while still providing to picketers and protestors the opportunity to communicate their message at a time and place that minimizes the interference with the rights of families participating in funerals.

(Doc. No 31-3.)

The ordinance creates the civil offense of "unlawful picketing of a funeral" which a person commits if he or she pickets a funeral "during the period from one hour prior to the commencement of any funeral through one hour following the cessation of any funeral." "Picketing of a funeral" consists of "protest activities … within three hundred feet of the premises of a cemetery, mortuary, church or other place of worship or other location during, and which target, a funeral." "Funeral" includes "the ceremonies and memorial services held in connection with the burial or cremation of the dead" but specifically excludes funeral processions and wakes. A violation of Ordinance 10-112 may result in a fine of up to $1,000, but no incarceration.

On January 24, 2011, the Court granted Plaintiffs' motion for a preliminary injunction. The Court believed that the Eighth Circuit case of *Phelps-Roper v. Nixon*, 545 F.3d 685 (8th Cir. 2007), mandated the conclusion that Plaintiffs were sufficiently likely to succeed on their claim that the state's interests were outweighed by the First

Amendment, to support a preliminary injunction. After the parties filed motions for summary judgment, the Court, with the agreement of the parties, stayed this case pending resolution by the Eighth Circuit Court of Appeals en banc of *Phelps-Roper v. City of Manchester*, No. 3197EM. On October 16, 2012, the Eighth Circuit issued its decision in City of Manchester, and the stay was lifted. Thereafter, the Court granted the parties' joint motion for a second stay pending resolution by the Eighth Circuit of *Phelps-Roper v. Kostner*, No. 10-3076. On April 26, 2013, the Eighth Circuit issued its decision in that case and the second stay in the present case was lifted. The parties completed their briefing on their motions for summary judgment which are now ripe for resolution.

In *City of Manchester* the en banc Court of the Eighth Circuit considered an ordinance identical for all intents and purposes to Ordinance 10-112. The Court overruled aspects of *Nixon* and held that the ordinance in question was content neutral; served a significant government interest of protecting the privacy of funeral attendees; was narrowly tailored, that is, did not burden substantially more speech than necessary to further the state's legitimate interest; and left open ample alternative channels of communication. *City of Manchester*, 697 F.3d 678 (8th Cir. 2012). And in *Kostner*, the Eighth Circuit held that an analogous state funeral protest law was constitutional for the same reasons, with the exception of the inclusion of "processions" into the definition of "funeral." *Kostner*, 713 F.3d 942 (2013).

These precedents make it clear that Plaintiffs' constitutional challenge to Ordinance 10-112 fails. In their reply brief filed after the issuance of *Manchester* and *Kostner*, Plaintiffs made no attempt to distinguish those cases, but only argued that

3

Ordinance 10-112 violated the Missouri Religious Freedom Restoration Act.  However, the new decisions by the Eighth Circuit also defeat Plaintiffs' claim under the Missouri statute because these cases establish that the ordinance furthers a compelling government interest and is not unduly restrictive considering the relevant circumstances.  Lastly, the Court rejects Plaintiffs' argument that Ordinance 10-112 is unconstitutionally vague.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for summary judgment is **GRANTED**.  (Doc. No. 69.)

**IT IS FURTHER ORDERED** that Plaintiffs' motion for summary judgment is **DENIED**.  (Doc. No. 63.)

A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 20th day of August, 2013.