UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHIRLEY L. PHELPS-ROPER and MEGAN PHELPS-ROPER, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) No. 4:10CV02232 AGF ) |
| COUNTY OF ST. CHARLES, MISSOURI, | ) ) ) |
| Defendant. | ) ) ) |

## **MEMORANDUM AND ORDER**

This action challenging the constitutionality of an ordinance of Defendant County of St. Charles, Missouri, ("the County") is before the Court on the parties' cross motions for summary judgment. For the reasons set forth below, Plaintiffs' motion shall be denied, Defendant's motion shall be granted with respect to Plaintiffs' federal claims, and the Court will decline to exercise its supplemental jurisdiction over Plaintiffs' state claim.

The two Plaintiffs are members of Westboro Baptist Church. The version of the ordinance at issue, Ordinance 10-112, was passed by the County on December 21, 2010. The ordinance prohibits picketing at or near funerals. Plaintiffs assert that enforcement of the ordinance will violate their federal constitutional rights to free speech, religious liberty, and assembly, as well as their federal due process rights. They also claim that the ordinance violates Missouri's Religious Freedom Restoration Act, Mo. Rev. Stat. §1.302. Plaintiffs represent that they picket near certain funerals, including those of American

soldiers, to publish Plaintiffs' religious beliefs that God is punishing America for its failure to obey God's word on issues such as homosexuality.

The facial purposes of Ordinance 10-112 are:

> [T]o protect the privacy of grieving families and to preserve the peaceful character of cemeteries, mortuaries, churches, and other places of worship during a funeral while still providing picketers and protestors the opportunity to communicate their message at a time and place that minimizes the interference with the rights of families participating in funerals.

(Doc. No 31-3.)

The ordinance creates the civil offense of "unlawful picketing of a funeral" which a person commits if he or she pickets a funeral "during the period from one hour prior to the commencement of any funeral through one hour following the cessation of any funeral." "Picketing of a funeral" consists of "protest activities … within three hundred feet of the premises of a cemetery, mortuary, church, or other place of worship or other location during, and which target, a funeral." "Funeral" includes "the ceremonies and memorial services held in connection with the burial or cremation of the dead" but specifically excludes funeral processions and wakes. A violation of Ordinance 10-112 may result in a fine of up to $1,000, but no incarceration.

On January 24, 2011, the Court granted Plaintiffs' motion for a preliminary injunction. The Court believed that the Eighth Circuit case of *Phelps-Roper v. Nixon*, 545 F.3d 685 (8th Cir. 2007), mandated the conclusion that Plaintiffs were sufficiently likely to succeed on their claim that the state's interests were outweighed by the First

Amendment to support a preliminary injunction. After the parties filed motions for summary judgment, the Court, with the agreement of the parties, stayed this case pending resolution by the Eighth Circuit Court of Appeals en banc of *Phelps-Roper v. City of Manchester*, No. 3197EM. On October 16, 2012, the Eighth Circuit issued its decision in *City of Manchester*, and the stay was lifted. 697 F.3d 678 (8th Cir. 2012). Thereafter, the Court granted the parties' joint motion for a second stay pending resolution by the Eighth Circuit of *Phelps-Roper v. Kostner*, No. 10-3076. On April 26, 2013, the Eighth Circuit issued its decision in that case and the second stay in the present case was lifted. 713 F.3d 942 (8th Cir. 2013). The parties completed their briefing on their motions for summary judgment which are now ripe for resolution.

In *City of Manchester* the en banc Court of the Eighth Circuit considered a funeral protest ordinance similar to Ordinance 10-112. The ordinance in City of Manchester restricted "picketing or other protest activities," within 300 feet of any funeral or burial site during or within one hour before or one hour after the conducting of a funeral or burial service at that place. The ordinance defines "other protest activities" as "any action that is disruptive or undertaken to disrupt or disturb a funeral or burial service."

The Eighth Circuit overruled aspects of *Nixon* and held that the ordinance in question was content neutral, thereby warranting intermediate scrutiny; served a significant government interest of protecting the peace and privacy of funeral attendees; was narrowly tailored, that is, did not burden substantially more speech than necessary to further the state's legitimate interest; and left open ample alternative channels of communication. *City of Manchester*, 697 F.3d at 688-89, 692-94 (8th Cir. 2012). And in

3

*Kostner*, the Eighth Circuit held that an analogous state funeral protest law was constitutional for the same reasons, with the exception of the inclusion of "processions" in the definition of "funeral." *Kostner*, 713 F.3d at 953-54.

The Court believes that under these precedents, Plaintiffs' federal constitutional challenges to Ordinance 10-112 fail. The Court finds unpersuasive the arguments presented by Plaintiffs in response to the Court's Order to show cause on October 22, 2012, and in reply to Defendant's motion for summary judgment. Plaintiffs attempt to distinguish Ordinance 10-112 from the ordinance in *City of Manchester* on the ground that (1) Ordinance 10-112's proscription is not limited to speech that is disruptive or undertaken to disrupt or disturb a funeral; (2) the size of its non-picket zone is too large; and (3) the period during which pickets are banned is too long. This Court concludes that under the new decisions by the Eighth Circuit, that Court would find Plaintiffs' federal constitutional claims without merit, as does this Court. Accordingly, Defendant's motion for summary judgment will be granted on those claims.

With the federal claims resolved, the Court will decline to exercise supplemental jurisdiction over the remaining state claims against Defendant, pursuant to 28 U.S.C. § 1367(c)(3). *See, e.g., Witte v. Culton*, No. 4:11CV2036 ERW, 2013 WL 4666334, at *2 n.2 (E.D. Mo. Aug. 2013); *Eckert v. Bowen*, No. 1:11CV211 LMB, 2013 WL 3884165, at *7 (E.D. Mo. July 26, 2013).

Accordingly,

**IT IS HEREBY ORDERED** that the preliminary injunction entered in this case is **VACATED**, and Defendant's motion for summary judgment is **GRANTED** with respect to Plaintiffs' claims under the federal constitution (Counts I and II). (Doc. No. 69.)

**IT IS FURTHER ORDERED** that Plaintiffs' state law claims (Counts III and IV) are **DISMISSED** without prejudice.

A separate Judgment shall accompany this Memorandum and Order.

*/s/ Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 15th day of November, 2013.